**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric D. ZAMUDIO, Defendant–**
**Appellant.**

No. 00–50617.

D.C. No. CR–99–02608–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted on Nov. 8, 2001.[1]

Decided Nov. 16, 2001.

Silverman, Circuit Judge, filed dissenting opinion.

<hr />

1. This panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

## MEMORANDUM[2]

In August 1999, Defendant–Appellant Eric D. Zamudio ("Zamudio") was stopped as he attempted to cross through the Tecate Point of Entry from Mexico to the United States. After a Customs Inspector noticed that Zamudio's hands were shaking and that he avoided eye contact, the Customs Inspector ordered Zamudio out of the truck. Marijuana was found in pouches in the truck's tires. Following trial, Zamudio was convicted of importing and possessing with the intent to distribute marijuana. Zamudio appeals his conviction on the ground that the district court abused its discretion in excluding

testimony from a psychologist who would have testified regarding Zamudio's bipolar and manic tendencies and thought disorders.

The psychologist's proposed testimony was relevant both (1) to the jury's evaluation of the credibility of Zamudio's testimony that he thought he was taking the truck to get a smog check, and (2) to the jury's evaluation of Zamudio's seemingly irrational and suspicious behavior at the Point of Entry. *United States v. Vallejo*, 237 F.3d 1008, 1019–20 (9th Cir.2001). Given that the trial turned on whether Zamudio knowingly possessed the marijuana, the potential prejudicial impact of this testimony was outweighed by its probative value. *Id.* at 1021.

In light of the relevance of the psychologist's proposed testimony to the most important issue in this case, we conclude that the district court's error in excluding the psychologists testimony was not harmless.

REVERSED and REMANDED.

SILVERMAN, Circuit Judge, dissenting.

Trial judges are accorded wide discretion in matters of relevancy. In my opinion, the district judge did not abuse her discretion in ruling that the proposed psychological testimony was not relevant. The case relied on by the majority, *United States v. Vallejo*, 237 F.3d 1008 (9th Cir. 2001) is clearly distinguishable. Unlike the situation in *Vallejo*, the psychologist's testimony would not have explained anything pertinent about Zamudio's behavior at the border inspection station. At best, it would have established that the defendant has a psychological disorder marked by poor judgment and exacerbated by his drug abuse. I fail to see how this would

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

negate his knowledge of over 87 pounds of marijuana hidden in the tires of the truck. To whatever extent the testimony was proffered to explain Zamudio's nervousness and false statements, it is significant to note that missing from the psychologist's proposed testimony was anything to suggest that Zamudio has a mental disorder that manifests itself as irrational nervousness around law enforcement officers or pathological lying.

Even if the proffered testimony should have been admitted, any error was harmless given the fact that Zamudio was the owner and sole occupant of the vehicle, that he lied about owing the vehicle, and in light of his story that $18,000.00 worth of marijuana must have been surreptitiously loaded in his tires while he left his truck to buy cigarettes.

I would affirm the judgment of the district court.